UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.

_____

LUIS ALICEA

    Plaintiff

v.

LAWRENCE J. MCGUIRE

    Defendant

_____

COMPLAINT/JURY DEMAND

Parties

1.    Plaintiff resides at the Plymouth County Correctional Facility, One Bumps Road, Plymouth, MA. 02360, Plymouth County, Massachusetts.

2.    Defendant is an attorney with a usual place of business at the Committee for Public Counsel Services, 1 Salem Green, Salem, Essex County, MA. 01970.

Venue/Jurisdiction

3.    Venue is appropriate to this judicial district pursuant to *28 U.S. Code § 1391(b)* as this is the judicial district in which the cause of action arose because substantially all, if not all, of the events and omissions giving rise to this claim occurred here.

4.    Jurisdiction is appropriate to this court pursuant to *28 U.S. Code §§ 1331, 1343, & 1367*. This is an action for damages pursuant to *42 U.S. Code §§ 1983 & 1988* for violation of the 1st, 6th, and 14th Amendments to the United States Constitution.

Statement of Facts

5.      The basis of this claim is Defendant's acts done in conspiracy with an Essex County District Attorney for the Commonwealth of Massachusetts that resulted in a illegal sentence being enforced against his former client the Plaintiff Luis Alicea causing him imprisonment for an illegal 2 ½ years.

4.      On April 20, 2003, Indictment Numbers ESCR2003-571/1-3 were issued in the Essex Superior Court charging Mr. Alicea with: (1) discharging a firearm within 500 feet of a dwelling, in violation of *G.L. c. 269, § 12E*; (2) felon in possession of a firearm, in violation of *G.L. c. 269, §10G*; and (3) possession of a firearm, in violation of *G.L. c. 269, §10(h)*. On March 18, 2004, the indictments that charged him with discharging a firearm within 500 feet of a dwelling and felon in possession of a firearm were *nolle prossed.* The remaining indictment charged him with possession of a firearm in violation of *G.L. c. 269, 10(h)*. On March 18, 2004, he plead guilty to the indictment

5.      Defendant represented Plaintiff in this plea and in the plea colloquy. Prior to accepting the plea, the clerk and trial judge read the indictment to the Plaintiff which properly stated the crime of possession of a firearm without an FID card in violation of *G.L. c. 269, §10(h)*. With Defendant's advice and in his presence, Plaintiff then plead guilty to that indictment. *§10(h)* carries a maximum sentence of two years in the house of correction. In Defendant's presence, he was sentenced that same day to an illegal sentence of three to five years, committed, and a *mittimus* was sent.

6.      Eight days later, realizing its error and the consequences, on March 26, 2003, the Commonwealth illegally moved to amend the indictment to change the conviction from *§10(h)* to *§10(a)*, which has a five year maximum sentence. Clearly in an unfair and deceptive act to avoid admitting his error at the plea and to avoid embarrassing himself and the court, Defendant

intentionally and knowingly assented to such amendment though it was an illegal amendment. By such time, double jeopardy and *res judicata* had attached to the plea and the error was irreversible — the Commonwealth and the court could do nothing except to revise and revoke the sentence to a two year sentence. See *infra*. When Defendant agreed to such illegal amendment of the indictment, Mr. Alicea was not present and was not informed of the amendment. There was no hearing before the court. It appears that Defendant allowed the motion to be allowed and signed by the clerk magistrate for Judge Whitehead. Mr. Alicea was then resentenced on March 26, 2004 to 3-5 years at Cedar Junction, committed. A "corrected" *mittimus* was sent to the sheriff stating that he had been convicted of violating *G.L. c. 269, §10(a)*. The amendment was one of substance not one of form. It seriously prejudiced Mr. Alicea who had already plead to the indictment and it violated his constitutional rights to a jury trial, to confront his accusers, to effective counsel, and his privilege against self-incrimination.

7.     A second reason the amendment was improper is that Plaintiff suffered prejudice by the decision. He had already plead guilty to a duplicative charge. The court then changed the crime to which he plead to a more serious offense that carried a larger sentence. Mr. Alicea was not brought before the court, there was no hearing, and he was not made aware of the motion. He had no recourse and no appeal from the decision. The prejudice, therefore, was absolute.

8.     Furthermore, the amendment was not only prejudicial, it was also unconstitutional. Amending the conviction to a crime to which Mr. Alicea did not plead deprived him of his constitutional right to a trial by jury, his privilege against self-incrimination and his right to confront his accusers. Moreover, the colloquy was insufficient to allow Mr. Alicea to plead guilty to *G.L. c. 269, §10(a)*. The clerk and the judge both asked him before the Defendant if he understood that he was pleading to the indictment charging him with *G.L. c. 269, § 1(h)*, and he stated that he understood and was in fact pleading guilty to that offense. The judge explained what the

Commonwealth must prove to sustain its burden, and explained the elements of *§10(h)*. Nowhere in the colloquy was he told that he was pleading to a *§10(a)*. Nowhere in the transcript is he told the elements of *§ 10(a)*.

9.   The only way for the Commonwealth to avoid a double jeopardy bar or *res judicata* bar to a new indictment would be by pleading and proving the additional element that Mr. Alicea was not in his home or business at the time of the incident. However the facts as read by the Commonwealth during the plea colloquy stated that he was found with a firearm within his home and thus such an amendment could not occur.

10.   Absent the improper amendment, the maximum sentence Mr. Alicea could have received was two years in the house of correction, pursuant to *G.L. c. 269, §10(h)*. He served that time plus an additional 950 days before the illegal sentence could be vacated.

11.   These 950 days are the damages caused by Defendant's intentional and knowing unfair and deceptive acts of assenting and cooperating with the Commonwealth's illegal amendment of the illegal sentence.

## COUNT I
### Malpractice - Negligence

12.   Plaintiff reavers the allegations contained in Paragraphs 1 through 11 herein.

13.   Defendant's acts constitute attorney malpractice.

## COUNT II
### Negligent and Intentional Infliction of Emotional Distress

14. Plaintiff reavers the allegations contained in Paragraphs 1 through 13 herein.

15. Defendant's acts constitute negligent infliction of emotional distress that has caused physical harm to the Plaintiff.

16. Defendant's acts constitute intentional and knowing or reckless extreme and outrageous conduct that has foreseeably caused the Plaintiff emotional distress .

## COUNT III
### *Chapter 93A*

17. Plaintiff incorporates by reference paragraphs 1 – 16 set forth above.

18. Defendant's acts constitute unfair and deceptive acts in violation of *M.G.L.c. 93A, §§2, 9, & 11*. Defendant has failed to make a reasonable settlement offer in response to demand for such made pursuant to *§ 9* of *Chapter 93A*

## **COUNT IV – 42 U.S. CODE §§ 1983 & 1988**

19. Plaintiff incorporates by reference paragraphs 1 through 18 set forth above.

20. The Defendant at all times material to this Action was acting under the color of the statutes, ordinances, regulations, policies, customs, and usage of the Commonwealth of Massachusetts or in conspiracy with agents acting under the color of the statutes, ordinances, regulations, policies, customs, and usage of the Commonwealth of Massachusetts.

21. The Defendant's acts done in conspiracy with a prosecutor for the Commonwealth of Massachusetts violate *42 U.S. Code §§ 1983 & 1988* and are a violation of the 1st, 6th, and 14th Amendments to the United States Constitution.

### COUNT II – THE MASSACHUSETTS CIVIL RIGHTS ACT

22. The Plaintiff incorporates by reference paragraphs 1 through 21 set forth above.

23. Defendant's acts are a violation of *Massachusetts General Law Chapter 12 § 11(I)*.

WHEREFORE, Plaintiff demands judgment against the Defendant for the following:

1. Damages together with statutory interest and prejudgment interest;
2. Expectancy, compensatory, incidental, and consequential damages as determined by the Court;
3. Double or treble damages;
3. Attorneys' fees and costs and such other relief as this Court deems just, proper, or equitable.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

        By his attorney,

        /s/ Valeriano Diviacchi
        Valeriano Diviacchi
        BBO# 555940
        Diviacchi Law Office
        111 Beach Street   #1A
        Boston, MA 02111-2532
        617-542-3175

Date: