# United States Court of Appeals
## For the First Circuit

No. 10-1329

LUIS ALICEA,

Plaintiff, Appellant,

v.

LAWRENCE J. MCGUIRE,

Defendant, Appellee.

Before

Boudin, Howard and Thompson,
<u>Circuit Judges</u>.

JUDGMENT

Entered:  December 7, 2010

     We have reviewed the record and the parties' submissions, and we affirm.  Appellant Luis Alicea ("Alicea") challenges the dismissal of his attorney malpractice claim, and the entry of summary judgment on his federal civil rights claim (42 U.S.C. § 1983) and his claim for intentional infliction of emotional distress.  His attorney malpractice claim was properly dismissed because the appellee, Lawrence J. McGuire ("McGuire"), was immune from suit under Mass. Gen. Laws ch. 258, § 2.  <u>See</u> Mass. Gen. Laws ch. 211D, § 13.  Alicea argues that his malpractice claim is grounded in contract, not tort, so Mass. Gen. Laws ch. 258, § 2 does not apply; but he captioned the malpractice count in his complaint as follows:  "Malpractice – Negligence."

     The district court correctly granted the summary judgment motion on Alicea's section 1983 civil rights claim.  "A civil rights conspiracy as commonly defined is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages."  <u>Estate of Bennett v. Wainwright</u>, 548 F.3d 155, 178 (1st Cir. 2008) (internal quotation marks and citations omitted).  We see no evidence from which one might conclude that McGuire and Cain intended anything other than to get to the

result that had been intended by all parties in the first place, i.e., a conviction under Mass. Gen. Laws ch. 269, § 10(a) and a sentence of three-to-five years. Alicea had faced a potential ten-year mandatory minimum sentence, and McGuire and Cain had reached an agreement that would allow Alicea to avoid that sentence. They may not have paid due attention to the details necessary to achieve that result, but it does not follow that they conspired to violate Alicea's civil rights. Alicea contends that McGuire and Cain conspired to deprive him of his "right" to serve only one year in prison for the incident in question; but in fact, Alicea was not entitled to a sentence of only one year. Once Cain had discovered his error in having entered a *nolle prosequi* on the wrong charge, he certainly could have re-filed the charge under Mass. Gen. Laws ch. 269, § 10G charge (i.e., the charge carrying a 10-year mandatory minimum). Alicea's contention that double jeopardy principles would have prevented Cain from refiling the charge is wrong. See Commonwealth v. Rollins, 354 Mass. 630, 632, 241 N.E.2d 809, 811 (1968).

Alicea contends that the district court erroneously concluded that "specific intent" is required in order to establish liability under section 1983. But in support of this contention, he only cites cases which stand for the proposition that circumstantial evidence is sufficient to establish the existence of a section 1983 conspiracy. See Appellant's brief at pp. 24-25. Alicea seems to be saying that an intent to deprive him of his civil rights can be inferred from the circumstances, even if the parties involved deny that they had any ill intent toward him. But the uncontroverted evidence here showed that Alicea was facing a mandatory minimum ten-year sentence; that the parties negotiated a plea agreement which provided that he would plead guilty to an offense that carried a three-to-five-year sentence; that through a series of error and oversights, Alicea unwittingly pled guilty to a different offense that carried a lower maximum sentence; and that Cain filed a motion to amend (unseen by McGuire but assented to by him) after sentencing that corrected the oversights. No reasonable jury could have inferred from this evidence that McGuire intended any harm toward his client. "[S]ummary judgment may [] be appropriate on a conspiracy claim where the nonmoving party rests merely on conclusory allegations." Estate of Bennett, 548 F.3d at 178 (citation omitted).

Finally, we conclude that the district court correctly granted summary judgment on the intentional infliction of emotional distress claim. Alicea faced a ten-year mandatory minimum sentence; the plea agreement McGuire negotiated was legal and was beneficial to Alicea; and Alicea's assent to the Commonwealth's motion to amend corrected the attorneys' oversight during the plea colloquy and achieved the result anticipated by the parties when they negotiated the plea deal. "To be considered extreme and outrageous, the defendant's conduct must be beyond all bounds of decency and [] utterly intolerable in a civilized community." Jones v. Maloney, 74 Mass. App. Ct. 745, 750, 910 N.E.2d 412, 417 (2009) (internal quotation marks and citations omitted). McGuire's assent to a post-judgment procedural motion does not meet this demanding standard.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Valeriano Diviacchi
Sarah M. Joss